## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN  DISTRICT OF ALABAMA
## DIVISION

| | | |
|---|---|---|
| **DARRYL WILSON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: |
| | ) | |
| | ) | |
| **CITY OF BAYOU LA BATRE;** | ) | |
| **MAYOR STAN WRIGHT; LOUIS HARD;** | ) | |
| **MATTHEW NELSON; and** | ) | JURY TRIAL DEMANDED |
| **GEORGE RAMIREZ in their individual** | ) | |
| **and official capacities,** | ) | |
| | ) | |
| Defendants. | | |

## COMPLAINT

Plaintiff, Darryl Wilson, brings this action against the City of Bayou La Batre, Alabama, a

governmental entity organized and existing in Mobile County, Alabama, and Stan Wright, Louis

Hard, Matthew Nelson, and George Ramirez, in their individual and official capacities,

(hereinafter collectively called "Defendants") for declaratory and injunctive relief, compensatory

damages, punitive damages, and back pay from Defendants arising from Defendants violation of

rights guaranteed to Plaintiff under the First and Fourteenth Amendments to the United States

Constitution and 42 U.S.C. Section 1983.  Plaintiff further states as follows:

### I. JURISDICTION

1.      The jurisdiction of this court is invoked pursuant to the First and  Fourteenth

Amendment of the United States Constitution.  This is an action brought pursuant to 42 U.S.C. §

1983, et seq.  and state law under supplemental jurisdiction to recover civil damages arising from

1

the violations of the First and Fourteenth Amendments to the U.S. Constitution and to the comparable parts of the Alabama Constitution of 1901 and all Federal and State common law.

## II. PARTIES

2.      Plaintiff, DARRYL WILSON, is a citizen of the State of Alabama and brings this lawsuit on behalf of himself.  Mr. Darryl Wilson was employed by the City of Bayou La Batre as a Captain in the Bayou La Batre Police Department.

3.      Defendant City of Bayou La Batre is a municipal corporation within the State of Alabama, incorporated as a municipality under State law, and has in place a city counsel form of government, as allowed by State law.

4.      Defendant Stan Wright is the Mayor for the Defendant City of Bayou La Batre. At all time relevant hereto, Wright was acting in his capacity as Mayor and was the final policy maker for the City.

5.      Defendant Louis Hard is a City Council member for the Defendant City of Bayou La Batre.  At all time relevant hereto, Hard was acting in his capacity as a Council member for the City of Bayou La Batre.

6.      Defendant Matthew Nelson is a City Council member for the Defendant City of Bayou La Batre.  At all time relevant hereto, Nelson was acting in his capacity as a Council member for the City of Bayou La Batre.

7.      Defendant George Ramirez is a City Council member for the Defendant City of Bayou La Batre.  At all time relevant hereto, Ramirez was acting in his capacity as a Council member for the City of Bayou La Batre.

2

### III.  FACTS OF THE CASE

8.      Plaintiff served as a Captain of the Bayou La Batre Police Department and was responsible for supervising the Patrol Division and the Criminal Investigation Divisions of his Department.  Plaintiff also carried his own caseload investigating Major Crimes to include working with multiple Federal agencies in the region.

9.      Chief Joyner appointed Plaintiff as the 2nd in Command and Captain of the Department on or about 2009.

10.     It is the custom and practice of the Bayou La Batre Police Department for the Chief of Police to be responsible for issuing all orders and directives of the Department.

11.     On or about January 2011, Plaintiff was approached by members of the Federal Bureau of Investigation (FBI) to assist in an investigation involving several City officials including, but not limited to Defendants Wright and Hard.

12.     Plaintiff had a good faith belief that Defendants Wright and Hard were involved in the mismanagement of Federal funds provided to the City of Bayou La Batre.

13.     On or about February 2011, Plaintiff began to provide information to the FBI relating to the FBI's investigation regarding the suspected criminal conduct and activity of Defendants Wright and Hard.

14.     All investigations and activity by Plaintiff related to Defendants Hard and Wright were at the request of FBI personnel and in relation to it's investigation regarding suspected criminal activity regarding the mismanagement of federal funds.

15.     Plaintiff's statements to the FBI were made as an ordinary citizen and addressed matters of a public concern.

3

16.     Plaintiff was interviewed by the FBI outside the scope of his employment and duties as an officer of the Bayou La Batre Police Department and made as a private citizen. Plaintiff's duties and position as a law enforcement officer with the Bayou La Batre Police Department were not connected, in any manner, with the FBI's investigation and/or Plaintiff's participation in the investigation as a witness as described herein.

17.     As a direct result of Plaintiff's participation in an ongoing criminal investigation by the FBI, and providing information to the FBI, Defendants Wright and Hard retaliated against the Plaintiff.

18.     On or about February 2, 2011, Wilson was directed by Defendant Wright to cease further participation as a Federal Drug Task Force officer and notified that he would no longer be allowed to participate in Federal programs.  Wilson was, further, advised that he was being reassigned to the duties of a patrolman in the Patrol Unit.

19.     As per protocol, Plaintiff contacted his supervisor, Chief Joyner, and reported his concerns of discriminatory and retaliatory conduct by Defendant Wright.  Plaintiff was advised that Joyner would investigate his concerns and get back with him upon Plaintiff's return.

20.     On or about February 2011, Defendant Wright appointed Sgt. Jason Edwards as the Acting Chief and 2nd in Command contrary to established orders, customs, practices and protocol of the Bayou La Batre Police Department.

21.     On or about February 28, 2011, Sgt. Edwards contacted Plaintiff, who was on medical leave, to retrieve his work vehicle at the direction of Defendant Wright.

22.     Plaintiff advised Sgt. Edwards that he was physically unable to return the vehicle at that time, but advised Sgt. Edwards that he would contact him later that day to make

arrangements for the return of the vehicle.

23.     Defendant Wright instructed Sgt. Edwards to sign a false statement indicating Plaintiff had denied Edwards entry onto his property and refused to return a City vehicle after being so directed.

24.     Defendant Wright maliciously, and with intent to harm Plaintiff and/or place him in false light, directed Sgt. Edwards to arrest Plaintiff for Theft of Property in the First Degree. Defendant Wright also requested that other officers in the Department arrest Plaintiff in the same manner.

25.     Plaintiff returned the vehicle on February 28, 2011 at 5:30 p.m. per his discussions and agreements with Sgt. Edwards.

26.     Defendants Wright and Hard contacted the Mobile County Personnel Board Director, Donald Dees, and advised him Plaintiff had refused to return a police car contrary to directions and orders by Defendant Wright.

27.     On or about February 28, 2011, Defendant Wright called Plaintiff's home and left a message regarding the return of the car and stated he hoped Plaintiff did not "feel paranoid."

28.     On or about February 2, 2011, Defendant Wright, contrary to the customs and practices of the Bayou La Batre Police Department, reassigned Plaintiff to the patrol division.

29.     On or about February 2, 2011, Defendant Wright removed Plaintiff from all duties and responsibilities relating to the Federal Task Force Operations and directed that he cease all activities with any Federal Programs.

30.     On or about February 2, 2011, Defendant Hard conducted an investigation with Lt. Clifton Adams and Sgt. Scott Dagg, two officers under the supervision of Plaintiff, regarding

5

the arrest statistics of the Department.

31.    Defendant Hard's actions were unusual and contrary to standard operating procedures and the chain of command in the Department, especially since the inquiry involved the arrest duties and powers of sworn officers.

32.    On March 3, 2011, Plaintiff received a certified letter demanding the return of another work vehicle assigned to Plaintiff which had been recovered by the police department on February 28, 2011.

33.    On or about March 4, 2011, Plaintiff contacted Chad Seaman, the Assistant City Clerk, regarding the discriminatory conduct by Defendant Wright.  Seaman stated he "does not like to get involved."

34.    On or about March 14, 2011, Plaintiff was directed to return to work in full patrol uniform which was contrary to his customary dress for the past seven years.

35.    On March 14, 2011, Plaintiff  was assigned a 2000 Ford Crown Victoria as his patrol vehicle contrary to the standard operating procedures and seniority provisions of the Department.

36.    On or about March 14, 2011, Defendant Hard ignored the chain of command and directed Sgt. Edwards to place Plaintiff on active patrol duty.  The actions of Defendant Hard violated the custom and practices of the Bayou La Batre Police Department and was contrary to the Standard Operating Procedures of the department.

37.    As a result of the directive of Defendant Hard, Plaintiff was stripped of all supervisory authority and duties and required to work on a Patrol Shift resulting in a constructive demotion.

6

38.     Plaintiff was not offered a hearing on the demotion and/or change in duties nor was he provided any redress of the adverse actions taken against him.

39.     Plaintiff was required to perform patrol duties which required less skill and experience than that required of a supervisor and captain of the department.

40.     On or about March 17, 2011, Plaintiff discovered approximately $2,600.00 missing from the Bayou La Batre Police Department Property Room.  An internal investigation was conducted by Lt. Clifton Adams confirming the loss of police evidence and/or property.

41.     On March 21, 2011, Chief Joyner returned from leave and requested that the Alabama Bureau of Investigations (ABI) conduct a criminal investigation of the alleged theft.

42.     Plaintiff was not a target and/or suspect in the alleged theft of property nor was there any evidence to suspect that Plaintiff was involved in the theft in any manner.

43.     On or about May 6, 2011, Defendant Wright contacted ABI Headquarters and consulted with ABI Agent Stan Stabler. Defendant Wright insisted, despite Stabler's assurance that Plaintiff was not a suspect, that Plaintiff be investigated for theft of property and that ABI require Plaintiff to submit to a polygraph relating to the stolen money in the evidence room.

44.     There was no evidence or supervisory authority over the Property Room which would create concerns that Plaintiff was a proper suspect and/or target of the investigation.

45.     Defendant Wright had knowledge or acted with reckless disregard to the falsity of his accusations and false statements and intentionally placed Plaintiff in a false light.

46.     The false accusations asserted by Defendant Wright have created concerns by other law enforcement agencies regarding Plaintiff's performance of his duties including raising concerns of a Giglio issue and required disclosure by the United States Attorney in the Southern

District of Alabama.

47.    On May 9, 2011, Plaintiff submitted to a polygraph test, as directed by Defendant Wright, and was cleared of any suspicion of the alleged theft.

48.    On May 10, 2011, Defendant Wright directed Chief Joyner to remove Plaintiff as the supervisor over the Property Room and replaced him with Sgt. Dagg.  The actions of Defendant Wright violated the custom and practices of the Bayou La Batre Police Department and was contrary to the Standard Operating Procedures of the Department.

49.    On or about May 17, 2011, the U.S. Attorney's office directed a Giglio inquiry to Chief Joyner due to ABI's questioning of Plaintiff related to the theft concerns in the Property Room at the Bayou La Batre Police Department.

50.    Defendant Wright has stated that Plaintiff was "disloyal" because he was investigating him and Janey Galbraith.

51.    Defendant Wright has indicated to several persons that he was "going to get Darryl Wilson" and "fire him."

52.    Plaintiff has been stripped of his supervisory duties as a Captain of the Bayou La Batre Police Department and forced to perform duties requiring substantially less  responsibility, skill, and expertise.

53.    As a police officer, Plaintiff has a property interest in his position of Captain of the Bayou La Batre Police Department guaranteeing him certain procedural due process rights to a hearing.

54.    Plaintiff was not afforded a hearing and/or the opportunity to redress the adverse actions taken against him as required under the City's policies and procedures and pursuant to the

8

FourteenthAmendment of the United States Constitution.

55.    Plaintiff's exercise of his rights to free speech and association regarding concerns of criminal conduct in his community by public officials of the City was a significant motivating factor in Defendants' decisions to take adverse action against Plaintiff including Plaintiff's job assignments and change of duties.

56.    Plaintiff has never been provided any reasons for his demotion or provided notice of deficiencies in his work performance.  As a result, Plaintiff has had no opportunity to correct alleged deficiencies that may have been alleged in his performance which is standard procedure for the Bayou La Batre Police Department and the professional community.

57.    Plaintiff stated concerns of discrimination and retaliation to several City officials including, but not limited to, Chief Joyner; Assistant City Clerk Chad Seaman; Defendant Nelson; and Defendant Ramirez.

58.    Defendant City of Bayou La Batre has failed and/or refused to investigate Plaintiff's complaints of retaliation and discrimination and/or to take corrective action.

59.    From January 2011 to August 2011, Plaintiff had contact with Defendant Nelson and advised him of specific acts of retaliation that Plaintiff had experienced by Defendants Hard and Wright.

60.    Defendant Nelson stated to Plaintiff that he could not question or go against Defendant Wright because he needed his position as a Councilman and needed Wright's support in the upcoming election.

61.    On or about March 2011, Defendant Ramirez contacted Plaintiff and Chief Joyner to question Plaintiff's apparent demotion and change of duties.  Defendant Ramirez

9

acknowledged to Plaintiff that the actions taken by Defendant Wright are "unlawful." Ramirez failed and/or refused to initiate corrective action or to take actions to protect Plaintiff from the retaliatory conduct by Defendant Wright.

62.     The false accusations and actions taken towards Plaintiff attributed unreasonable and objectionable publicity to Plaintiff's character, conduct, or beliefs, and placed him before the public in false light.

63.     As a proximate consequence of the actions of the Defendants, Plaintiff was caused to suffer damages, including but not limited to back wages, pain and suffering, and emotional distress.

64.     The actions of Defendants Wright and Hard harmed Plaintiff as set out above and were willful and wanton.

65.     Defendant City of Bayou La Batre, ratified the unlawful conduct of Defendants Wright and Hard by failing to take appropriate and corrective action after having received notice thereof.

66.     Defendants Hard, Ramirez, Nelson, and the City of Bayou La Batre have ratified the discriminatory and tortuous conduct of Defendants Wright and Hard.

67.     Plaintiff's inquiries relating to the reasons for the alleged adverse acts taken by Defendants Wright and Hard have been ignored by City officials.

68.     On or about September 2011, Defendant Wright was indicted by U. S. Government for theft of government funds, money laundering, and retaliation against Plaintiff as a federal witness.

69.     The Defendants knew or were recklessly indifferent to the fact that their conduct

violated established Federal Law.

70.     As a result of Defendant's adverse acts against Plaintiff in retaliation for his exercise of his rights to free speech, Plaintiff has suffered loss of income, loss of promotional opportunities, loss of training, severe humiliation, mental distress, and emotional suffering.

## IV. FEDERAL LAW VIOLATIONS

71.     Plaintiff alleges the facts the same as set out above.

72.     Plaintiff alleges that the City of Bayou La Batre is liable to him for the below federal claims because the deprivation of his rights was the result of an official policy or custom, as he was the final decision-maker and his decisions were not subject to review.

73.     Plaintiff alleges that Defendant Wright was the final policy making authority for the Defendant City of Bayou La Batre.

74.     Plaintiff alleges that the above acts were done as an official policy of the City of Bayou La Batre through Defendant Wright, or, was a defacto policy, because it was widespread and common knowledge to the City Counsel (and Mayor, who was a member of the City Counsel), that Captain Wilson was being retaliated against because of his protected speech to the FBI regarding the (possible) criminal offenses by Defendant Wright and the City of Bayou La Batre.

75.     Plaintiff alleges that Defendants Wright and Hard acted under color of law.

## COUNT I

### Federal Law
#### Violation of §1983 First Amendment

76.     Plaintiff realleges and adopts all allegations contained in paragraphs 1 through 75 as

if fully set out herein.

77.    The actions and conduct of Plaintiff in conducting a criminal investigation involving City officials and funds was a matter of public concern.

78.    Plaintiff's participation in the investigation of Defendants Wright and Hard by Plaintiff did not unreasonably interfere with the functions of the City.

79.    In violation of 42 U.S.C.§1983, Defendants discriminated and retaliated against Plaintiff because Plaintiff had participated in a criminal investigation and opposed a practice made unlawful under Federal Law.

80.    Defendants have constructively demoted Plaintiff and reassigned Plaintiff's duties and denied employment opportunities in retaliation for his legitimate exercise of his rights to free speech and free association as described above.

81.    Defendants deprived Plaintiff of his freedom of speech and of association as guaranteed by the First Amendment of the United States Constitution and the Civil Rights Act, and enforced through 42 U.S.C. § 1983.

82.    In their actions towards Plaintiff as described above, Defendants  Hard and Wright acted willfully, intentionally, and/or with callous or reckless indifference to Plaintiff's rights under the First Amendment to the United Stated Constitution.

83.    As a result of Defendant's adverse acts against Plaintiff in retaliation for his exercise of his rights to free speech, Plaintiff has suffered loss of income, loss of promotional opportunities, loss of training, severe humiliation, mental distress, and emotional suffering.

## COUNT II

### Federal Law

### Violation of §1983 Fourteenth Amendment
### Failure to Supervise and Train by City of Bayou La Batre,
### Defendants Wright, Hard, Ramirez and Nelson

84.     Plaintiff reavers and realleges the foregoing paragraphs as though fully set forth

herein.

85.     Defendants City of Bayou La Batre, Wright, Hard, Ramirez and Nelson were

charged with the management and operation of the City including the Bayou La Batre

Police Department.

86.     Defendants were aware of a history of wide spread abuse regarding the City's

policies and procedures relating to discrimination and retaliation for protected activity.  These

defendants inadequately trained and supervised its agents, staff, and servants in the lawful

execution of their duties and this failure to train and supervise became the unconstitutional policy

of the City of Bayou La Batre,  i.e., that the failure to properly train and supervise amounted to a

deliberate indifference to the Constitutional rights of the Plaintiff.  Said Defendants' acts

constituted a violation of 42 U.S.C. § 1983.

87.     Reasonable City officials knew or should have known that their actions violated

clearly established law.

## COUNT III

### Violation of §1983 Fourteenth Amendment
### Violation of Procedural due Process and Substantive Process

88.     Plaintiff reavers and realleges the foregoing paragraphs as though fully set forth

herein.

89.     Plaintiff alleges that he has procedural due process and substantive due process rights in his position as a Captain with the Bayou La Batre Police Department with full supervisory authority, duties, and privileges ascribed thereto.

90.     Plaintiff alleges that Defendants infringed upon Plaintiff's Fourteenth Amendment Rights in his position as a police officer by demoting him to the Patrol Unit and requiring him to work full rotational patrol shift without redress and/or due process of law.

91.     Plaintiff alleges that the defendants infringed upon his Fourteenth Amendment Rights  by taking away his supervisory authority, rank, his patrol car and most important, his good name and character without due process of law.

92.     Defendants falsely accused Plaintiff of theft, dishonesty and acts of moral turpitude creating an infringement on his ability to participate in investigations and/or to testify in criminal cases because he has been subjected to Giglio scrutiny such that it will detrimentally affect his ability to perform his duties as a law enforcement officer at the Bayou La Batre Police Department, and any other law enforcement agency, detrimentally affecting his professional reputation and good name.

93.     Defendants have placed Plaintiff under a veil of Giglio which will detrimentally effect his employability as a law enforcement officer without due process of law.

94.     Defendants deprived Plaintiff of his procedural and substantive due process  rights with malice and intent to harm him in his position as a law enforcement officer.

95.     The actions of the Defendant were motivated by a desire to curtail or to penalize Plaintiff for the exercise of his first Amendment constitutionally protected right which violates

14

Plaintiff's procedural and substantive due process rights.

96.     Plaintiff was not provided a hearing or provided any opportunity to redress the adverse actions and/or false light that was placed upon him.

97.     Plaintiff's substantive due process rights under the first Amendment and fourteenth Amendment were violated in that he was retaliated for exercising his first Amendment rights as a private citizen and then lost his position of captain on the police force, which he had a property interest provided by state statute and lost his liberty interest of privacy and reputation.

## COUNT IV

### Conspiracy under section 1985

98.     Plaintiff reavers and realleges the foregoing paragraphs as though fully set forth herein.

99.     Plaintiff alleges that the defendants as heretofore stated, have conspired to violate the constitutional rights of the Plaintiff, as heretofore described.

100.     Defendants conspired to retaliate against the Plaintiff for exercising his First Amendment right, as heretofore stated.

101.     Defendants conspired to take away Plaintiff's  duties and responsibilities and demote Plaintiff to Captain.

102.     Defendants conspired to place Plaintiff in a false light, to accuse him of a felony, and placing his law enforcement career in jeopardy, as heretofore stated.

103.     Defendants conspired to deny Plaintiff certain procedural due process protections guaranteed him under Defendant City of Bayou La Batre Policies and Procedures and pursuant to the FourteenthAmendment of the United States Constitution.

104.    Defendants conspired to take away Plaintiff's constitutional right to procedural due process with malice and aforethought for the purposes of harming Plaintiff, along with the other harms as set out above, in violation of his substantive due process rights under the First and Fourteenth Amendments.

## COUNT V

### State Law
### Negligent Supervision and Training

105.    Plaintiff reavers and realleges the foregoing paragraphs as though fully set forth herein.

106.    Defendants were aware of the harmful acts by Defendants Wright and Hard resulted in unlawful and retaliatory  behavior.  Despite that knowledge, Defendant City of Bayou La Batre countenanced the conduct of Defendants Wright and Hard.

107.    Defendants at all times material hereto had a duty to enforce laws, rules and regulations that prevent retaliation and discrimination in the workplace as described herein. Defendants breached this duty by allowing its agents and servants, including, but not limited to Defendants Wright and Hard, to act in the aforementioned manner toward Plaintiff.

108.    The breach of duty created by Defendants' inaction caused Plaintiff injury, humiliation, and other damages.  Defendants consciously and/or recklessly disregarded the known risks and dangers to the Plaintiff caused by the retaliation and discrimination to Plaintiff in the workplace.

109.    Defendants have negligently and/or wantonly supervised and/or retained their supervisor's responsibility for the workplace.

16

110.     Defendants, by themselves and through their agents, employees, officials and supervisors knew or should have known of the harmful and offensive propensities of Defendants Wright and Hard.  Defendants have assumed responsibility for Defendants Wright and Hard's conduct and ratified their wrongful conduct toward the Plaintiff.

111.     As a proximate consequence of Defendants' actions, Plaintiff was caused to suffer damages as enumerated herein.

WHEREFORE, premises considered, Plaintiff demands judgment against the Defendants in an amount greater than the minimum jurisdictional limits of this Court for compensatory and punitive damages, costs, and such other and proper relief as this Court deems appropriate.

## COUNT VI

### State Law
### Invasion of Privacy: False Light

112.      Plaintiff reavers and realleges the foregoing paragraphs as though fully set forth herein.

113.     Plaintiff alleges Defendants Wright and City of  Bayou La Batre, by and through Defendant Wright, intentionally and wrongfully intruded into Plaintiff's private activities in such a manner as to outrage or cause mental suffering, shame, or humiliation to Plaintiff, who is a person of ordinary sensibilities.

114.     The actions of Defendant Wright described above constituted an invasion upon the Plaintiff's emotional sanctum and did so in violation of ordinary decency, imposing emotional distress upon Plaintiff.

115.     As a result of Plaintiff's participation in a Federal investigation of Defendants

Hard and Wright, the Mayor retaliated against the Plaintiff as heretofore stated.  Said intentional

tort by the Mayor was ratified by the City Counsel, as they knew or should have known that the

actions of the Mayor were retaliatory and false.

116.   Plaintiff alleges that the above facts as heretofore stated, falsely attributed

unreasonable and objectionable publicity to his character, conduct or beliefs.

117.   The adverse actions and words by Defendants towards Plaintiff were false and

placed him before the public in false light that.

118.   Plaintiff was placed in a false light that was highly offensive to him and persons

of reasonable decency.

119.   The Mayor had knowledge of or acted in reckless disregard as to the falsity of the

publicized matter and the false light in which Plaintiff would be placed.

120.   The information became public and townspeople and employees of the City

became aware of Plaintiff's demotion to a patrolman.

121.   Defendants intended for the information regarding Plaintiff to become public and

gave publicity to the information.

122.   Defendants put the Plaintiff before the public in a false light, in that, the false light

was that Plaintiff had done something wrong and was being punished for his wrongdoing, when

in fact, Plaintiff was performing his duties as a law enforcement officer.

123.   The Defendant City of Bayou La Batre ratified said conduct of Defendant Wright

and Hard and participated in the humiliation of Plaintiff.

WHEREFORE, premises considered, the Plaintiff demands judgement against

Defendants Wright and Hard in an amount greater than the minimum jurisdictional limits of this

Court for damages, costs, and such other and proper relief as this Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A.      Grant Plaintiff a declaratory judgment that the actions, policies and practices complained of herein of the defendants violates the provisions of 42 U.S.C. §1983.

B.      Grant Plaintiff a preliminary injunction enjoining the Defendants, their agents, successors, employees and attorneys and those acting in concert with them and at their direction, from maintaining or continuing the policies, practices, customs and usages of denying, abridging, withholding, conditioning, limiting, or otherwise interfering with the Plaintiff's rights as provided for under  42 U.S.C. §1983.

C.      Grant Plaintiff an order enjoining the Defendants, their agents, successors, employees, and attorneys and those acting in concert with them and at their discretion, from engaging in practices that discriminate against Plaintiff and enjoining defendants from failing and refusing to immediately restore Plaintiff's employment status and classification.

D.      Grant Plaintiff an award of back pay from Defendant City of Bayou La Batre in the amount the Plaintiff would have earned but for those policies and practices complained herein.

E.      Grant Plaintiff front pay or wages in the amount equal to the pay or wages Plaintiff would be earning after final judgment, but for Defendants' unlawful policies and practices complained of herein, and but for the delays Plaintiff will encounter in reaching his rightful place because of business necessity and other equitable considerations.

19

F.      Award compensatory damages against all defendants in an amount the jury determines will compensate the Plaintiff for his losses and damages suffered, as well as punitive damages against Defendants City of Bayou La Batre, Wright, Hard, Nelson, and Ramirez in an amount the jury determines is adequate to punish Defendants City of Bayou La Batre, Wright, Hard, Nelson, and Ramirez for their wrongful conduct and to deter others from similar conduct in the future, and/or nominal damages as may be appropriate.

G.      Award Plaintiff costs and expenses in prosecuting this action including an award of reasonable attorneys' fees.

H.      Retain jurisdiction of this action following judgment for sufficient time to insure that Defendants comply with the law and decree which may be entered herein, and during such time to require Defendants to report such information as is necessary to evaluate their compliance.

I.      Grant Plaintiff such other and further relief as equity and justice requires.

Respectfully submitted this 8th day of November 2011.

> Stein and Pilcher, L.L.C.
> 151 N. Bancroft Ave.
> Post Office Box 602
> Fairhope, Alabama 36533
> Telephone: (251) 210-4557
> Facsimile: (251) 432-7756

Mary E. Pilcher

OF COUNSEL:

Jeffrey W. Bennitt & Associates, LLC
121 Edenton Street
Birmingham, Al  35242
telephone:      205-408-7240
fax:             205-408-9236
Bennittlaw@aol.com


/s/ Jeff Bennitt
Asb-0774-n51j


Cc:    Mr. Joseph Jackson Minus, Jr., Esq.
       Phelps Dunbar, L.L.P.
       Post Office Box 2727
       Mobile, AL 36652-2727
       telephone: (251) 441-8265
       fax: (251) 433-1820