IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DARRYL WILSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 11-00631-KD-B |
| ) | |
| **CITY OF BAYOU LA BATRE; MAYOR** ) | |
| **STAN WRIGHT; LOUIS HARD; and** ) | |
| **MATTHEW NELSON, in their individual** ) | |
| **and official capacities,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

This action is before the Court on the joint motion for entry of consent decree (doc. 148). Upon consideration, the motion is set for **hearing** on **Tuesday, June 10, 2014 at 10:30 a.m.** before the undersigned in Courtroom 5A of the United States Courthouse, 113 St. Joseph St., Mobile, Alabama.  Accordingly, the **final pretrial conference presently set for June 5, 2014 at 11:30 a.m. is stayed,** pending resolution of the motion.

In the joint motion, the parties state that "the settlement involves third parties not before the Court" and that "[d]ue to the involvement of these third parties, the parties request that a Consent Decree be entered to ensure enforcement of the settlement terms."  As an initial consideration, the parties failed to provide the Court with a copy of the settlement agreement. Therefore, the Court is without any information as to terms of the settlement that the parties seek to ensure.  Thus, the parties are **ORDERED** to provide the Court with a copy of the settlement agreement on or before **June 6, 2014.**

The Court may not issue consent decrees involving third parties to the litigation unless it is clear that such parties have agreed to the terms of the settlement agreement and the terms of

the consent decree to enforce that agreement. A "consent decree requires the consent of all parties whose legal rights might be adversely affected by the decree." *United States v. City of Hialeah,* 140 F.3d 968, 975 (11th Cir.1998) (citing *United States v. City of Miami,* 664 F.2d 435 (Former 5th Cir.1981) (en banc), and *White v. Alabama,* 74 F.3d 1058 (11th Cir.1996)).  The proposed consent decree does not identify any third party and does not appear to require a third party to take any action such that enforcement of the consent decree against them would be necessary.  Therefore, the parties should be prepared to address the identity and legal rights of the third parties who may be affected by the proposed consent decree, whether this Court has jurisdiction over the third parties, and why the sanction power of this Court is needed behind the terms of the agreement as to the third parties.

Moreover, "[t]he entry of a consent decree is more than a matter of agreement among litigants. It is a 'judicial act.'" *League of United Latin Am. Citizens, Council No. 4434 v. Clements,* 999 F.2d 831, 845 (5th Cir.1993) (quoting *United States v. Swift & Co.,* 286 U.S. 106, 115, 52 S.Ct. 460, 76 L.Ed. 999 (1932)).  Generally, district courts should not enter consent decrees solely on the request of the parties to a private settlement agreement.  Instead, the district courts may approve consent decrees only if they are not unconstitutional, unlawful, unreasonable, or contrary to public policy." *Stovall v. City of Cocoa, Fla.,* 117 F.3d 1238, 1240 (11th Cir.1997).  And where the Court's power to sanction is needed behind the terms of the agreement. *City of Miami,* 664 F.2d at 439-440 (A consent decree is a judgment that "may be enforced by judicial sanctions, including citation for contempt if it is violated"). Therefore, the parties should be prepared to explain why a consent decree is necessary in this action.

Additionally, no injunctive relief is sought in the consent decree.  Injunctive relief is usually why a consent decree is requested.  See *City of Miami,* 664 F.2d at 436 (plaintiffs sought

temporary and permanent injunctive relief in a Title VII action against the City of Miami). Instead, there appears to be a private settlement agreement enforceable between the parties as any contractual agreement that may not require continued involvement by the Court.

    Alternatively, the Court would entertain an amended motion wherein the parties move the Court to retain jurisdiction to enforce the settlement agreement for a specified time period, to insure compliance with the terms of the settlement agreement.

    Done this the 5th day of June 2014.

                                            s/ Kristi K. DuBose
                                            KRISTI K. DuBOSE
                                            UNITED STATES DISTRICT JUDGE